# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**January 31, 2019**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **R.S.**

**No. 18-0562** (Barbour County 16-JA-21)

## MEMORANDUM DECISION

The petitioner father, C.S., appeals the May 23, 2018, order of the Circuit Court of Barbour County terminating his parental rights to his minor son, R.S.[1]  The petitioner seeks an alternative disposition.  The West Virginia Department of Health and Human Resources ("DHHR") and the child's guardian *ad litem* argue in support of the circuit court's order.[2]

After considering the parties' written and oral arguments, as well as the record on appeal and the applicable law, this Court finds no substantial question of law and no prejudicial error.  For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

When this abuse and neglect proceeding began, R.S. was residing with his mother and the mother's live-in boyfriend in Barbour County.  The mother's boyfriend is the biological father of her younger child who was also living in the home.  The petitioner was living and working in another state, but exercised visitation with R.S.  In April of 2016, the DHHR filed the abuse and neglect petition alleging that the boyfriend was physically and verbally abusive toward the mother in the children's presence; that the mother failed to acknowledge the domestic violence; that both the mother and the boyfriend suffered from drug and alcohol addictions making them unable to properly care for minor children; that the petitioner had a history of alcohol addiction making him unable to properly care for a minor child; and that the petitioner failed to protect R.S.  The children were removed from the home and placed in foster care.  During the August 2016 adjudicatory hearing, the

---

[1] Because this case involves a child and sensitive matters, we follow our practice of using initials to refer to the child and the parties.  *See e.g.*, W.Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] The petitioner is represented by Mary S. Nelson, Esquire.  The DHHR is represented on appeal by Lee Niezgoda, Assistant Attorney General.  The guardian *ad litem* is Ashley V. Williams Hunt, Esquire.

petitioner admitted that his use of alcohol had adversely affected the care of R.S.[3]  He also admitted having some knowledge of domestic violence in the mother's home, but he took no action to ensure his son's safety.  Accordingly, the circuit court adjudicated him as an abusive parent.[4]

During the course of the abuse and neglect proceeding in the circuit court, the petitioner was granted a total of eighteen months of improvement periods: nine months post-adjudicatory and nine months post-dispositional.  Nonetheless, at the final disposition hearing on April 25, 2018, the petitioner acknowledged that he was unable to provide a suitable home for R.S.  After hearing the evidence and considering the best interests of the child, the circuit court terminated the petitioner's parental rights to R.S. by order entered on May 23, 2018.  The circuit court's order allows R.S. to have post-termination visitation with the petitioner so long as the visitation is in the child's best interests.  R.S. remains in the care and physical custody of his foster parent.  His permanency plan is adoption by this foster parent, who also has physical custody of, and plans to adopt, R.S.'s younger half-sibling.

On appeal, the petitioner challenges the termination of his parental rights to R.S.  Our standard of review in such matters is well established:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected.  These findings shall not be set aside by a reviewing court unless clearly erroneous.  A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.  However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In*

---

[3] Because the parties failed to include any transcripts in the appendix record on appeal, this Court must rely upon the findings of fact set forth in the circuit court's orders and the representations in the parties' briefs.

[4] The mother and her boyfriend were also adjudicated as abusive.  Eventually, their parental rights to both children were terminated.  Their rights are not at issue in this appeal.

*Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

In his sole assignment of error, the petitioner argues that a disposition less than termination of his parental rights would have been the more appropriate outcome in this case. He notes that West Virginia Code § 49-4-604(b) (2016) provides a range of options for a circuit court to impose in an abuse and neglect case, with termination of parental rights being the ultimate and least-favored choice. The petitioner contends that the circuit court should have only terminated his *custodial* rights to R.S., should have placed R.S. in a long-term guardianship with the foster parent, and should have permitted him more time to address his problems and ultimately seek full custody. The petitioner explains that in August of 2016, he quit his out-of-state employment as an iron worker earning $100,000 per year and moved back to West Virginia so he could participate in this abuse and neglect case. According to the petitioner, he took a job in West Virginia earning less money, then lost that job and suffered serious financial setbacks. He reports that his car was repossessed and a subsequent car required extensive repairs, preventing him from exercising some visitation with R.S. In addition, he says that his home needs repairs that he cannot afford. He reports that he has not consumed alcohol since he was arrested for felony driving under the influence of alcohol in 2014, and that a psychological evaluator concluded he has a good prognosis for improved parenting.

The DHHR and the guardian *ad litem* assert that despite being given eighteen months of improvement periods, as well as parenting and adult life skills classes, the petitioner has never been able to be a full-time parent for R.S. The petitioner missed visits with the child without calling, which caused the child emotional distress, and failed to attend some meetings of the multi-disciplinary treatment team. Moreover, at the final disposition hearing the circuit court heard that the petitioner's home was in a "deplorable," unsafe condition and lacked such basic necessities as running water and food for the child. In addition, a DHHR social worker testified that although the petitioner blamed car trouble for some of his missed visits with the child, he never sought transportation assistance. The social worker testified that the petitioner appeared to have regressed or failed to maintain what he learned in his classes. Likewise, the guardian *ad litem* reports that the petitioner has "demonstrated an overall lack of stability throughout the entirety of" these proceedings. Indeed, during the April 25, 2018, final hearing, the petitioner admitted that although he wanted full custody of R.S., he was unable to take custody at that time. The DHHR and the guardian *ad litem* maintain that more than enough time has passed, the child needs permanency, and termination of the petitioner's parental rights would clearly be in the child's best interests.

After reviewing the parties' arguments and the limited record on appeal, we find no error in the circuit court's decision to terminate the petitioner's parental rights. Although

the general rule is to impose the least restrictive dispositional alternative, "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened . . . ." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980). As we have held,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code, 49-6-5 (1977) [now W.Va. Code § 49-4-604(b)] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Despite eighteen months of improvement periods during a case that was pending in the circuit court for two years, as well as the receipt of various classes and services, the petitioner has admittedly been unable to provide a safe and suitable home for his child. The petitioner was adjudicated as an abusive parent for the failure to protect R.S., and he is still unable to protect and provide for R.S. As such, there is no reasonable likelihood that the condition will be substantially improved. "[T]he primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the child[]." Syl. Pt. 3, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). R.S. deserves a safe, suitable, and permanent home.

We also observe that the additional improvement period which the petitioner seeks would be contrary to law. West Virginia Code § 49-4-610(9) (2015) directs that "no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits contained in this paragraph." The petitioner has failed to point to any evidence, let alone clear and convincing evidence, to justify ignoring this statutory prescript.

Finally, although he did not assign it as an error on appeal, the petitioner complains that R.S. was not consulted about the disposition of the petitioner's rights. West Virginia Code § 49-4-604(b)(6)(C) provides that "the court shall give consideration to the wishes of a child fourteen years of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights . . . ." R.S. was thirteen years old at the time of disposition, and there is nothing in the appendix record on appeal to indicate that he possessed the requisite discretion to weigh in on this important decision. As such, even if R.S. was not consulted, we find no error. Furthermore, the guardian *ad*

*litem* reports that she has discussed the matter with R.S. and he now wishes to be adopted by his foster parent while having visitation with the petitioner.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  January 31, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

5